UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN ASCUNCION,<br><br>        Respondent. | No. 2:18-cv-1071 AC P<br><br><br>ORDER |

Petitioner is a state prisoner at California State Prison Corcoran proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and request to proceed in forma pauperis. Petitioner seeks to challenge his 2015 conviction for battery with great bodily injury and resulting 18-year prison sentence. See ECF No. 1. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis, ECF No. 4, will be granted. See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Review of the instant petition indicates that petitioner has not exhausted his state court remedies. The exhaustion of available state remedies is a prerequisite to federal habeas relief. See 28 U.S.C. §

1

2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982).  A petitioner satisfies the exhaustion requirement by providing the state's highest court with a full and fair opportunity to consider his federal claims *before* presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Here, petitioner states that he did not pursue review in the California Supreme Court following affirmance of the challenged judgment and sentence in the California Court of Appeal.  See ECF No. 1 at 2.  Moreover, it appears that petitioner's only application for state court collateral review was filed in the Sacramento County Superior Court on the "same date as this appeal" [sic], that is, on the same day as the instant federal petition.  See id. at 3.  Accordingly, it appears that petitioner has not exhausted his federal claims in this state's highest court, viz., the California Supreme Court.

Until recently, district courts routinely dismissed petitions that were wholly unexhausted at the time of filing.  See Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  However, the Court of Appeals has clarified that unexhausted petitions may, under limited circumstances, be stayed pending exhaustion.  Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).  The requirements for a stay are those set forth in Rhines v. Weber, 544 U.S. 269, 278 (2005).  The U.S. Supreme Court explained in Rhines that stay and abeyance pending exhaustion is appropriate only in limited circumstances.  The petitioner must show that "'[1] petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'"  Mena, 813 F.3d at 910 (quoting Rhines, 544 U.S. at 278).

The court will entertain a motion for stay and abeyance if petitioner believes that he can make the showing required by Rhines.  In the alternative, petitioner may withdraw his petition and refile it upon the conclusion of exhaustion; that is, after the California Supreme Court has ruled on his claims.[1]

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court.  In most cases, the one-year period starts to run

2

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 4, is granted; and

2. Petitioner may, within thirty (30) days after the filing date of this order, file a motion for stay and abeyance of this action pending exhaustion of petitioner's claims in state court. Any such motion must include a showing that "'petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Mena, 813 F.3d at 910 (quoting Rhines, 544 U.S. at 278).

3. Alternatively, petitioner may request the voluntary dismissal of this action without prejudice.

4. Failure of petitioner to timely file a motion to stay and abey this action, or request the voluntary dismissal of this action, will result in the involuntary dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: August 20, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

on the date when the challenged conviction became final by the conclusion of direct review or the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1). If a Rhines stay is granted, petitioner will have the benefit of his original federal filing date in assessing the timeliness of his petition. If his petition is dismissed and refiled later, he will not have the benefit of the first federal filing date, but the time that properly-filed habeas petitions are pending in state court will not count against him. See 28 U.S.C. § 2244(d)(2) (the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending). The court makes no findings or representations regarding the timeliness of petitioner's claims.