UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER, | No. 2:18-cv-1071 AC P |
| Petitioner, | |
| v. | ORDER and |
| WARDEN ASCUNCION, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner at California State Prison Corcoran proceeding pro se and in forma pauperis with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and a request for stay and abeyance under Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016), and Rhines v. Weber, 544 U.S. 269, 278 (2005). This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, the undersigned recommends that petitioner's motion be granted.

II. Background

On screening the federal petition, the undersigned noted that petitioner had not yet exhausted his state court remedies as to any of his eight claims for relief; petitioner's state habeas petition was then pending in Sacramento County Superior Court. See ECF No. 5. This court directed petitioner to either file a motion to stay this action, or request voluntary dismissal. Id.

1 Petitioner was informed of the legal standards governing stay and abeyance. Id. The instant motion followed. ECF No. 6. The motion was prepared and submitted on petitioner's behalf by another inmate, Mr. Santiago, who reports that plaintiff suffered a traumatic brain injury on July 12, 2018, and remains in medical housing.[1] Petitioner signed the motion for stay and abeyance.

III. Analysis

The exhaustion of available state remedies is a prerequisite to federal habeas relief. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the state's highest court with a full and fair opportunity to consider his federal claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). When an unexhausted petition is filed in federal court, it may be stayed and held in abeyance under limited circumstances. Rhines v. Weber, 544 U.S. 269, 278 (2005) (establishing standards for stay of petitions that include both exhausted and unexhausted claims); Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding that fully exhausted petitions may be stayed pursuant to Rhines).

To obtain a stay, petitioner must show that (1) he had good cause for his previous failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that he engaged in intentionally dilatory litigation tactics. Mena, 813 F.3d at 910; Rhines, 544 U.S. at 278. The "good cause" requirement does not require a showing of "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 662 (9th Cir. 2005). Rather, "[t]he good cause element is the equitable component of the Rhines test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (citing Pace, 544 U.S. at 416).

---

[1] In another of petitioner's cases currently pending in this court, the undersigned recently found, for the reasons identified by Mr. Santiago, that appointment of counsel is warranted at the dispositive motion stage to assist Turner on the merits of his excessive force claims against four defendants. See Turner v. Riaz, Case No. 2:16-cv-0969 MCE AC P, ECF Nos. 42, 43. The information submitted in that case was more detailed and documented. However, the impact of plaintiff's injury must be considered independently in the instant case.

Petitioner filed the instant federal habeas petition prior to sustaining his brain injury. Petitioner was convicted of the challenged offense on March 4, 2015. See ECF No. 1 at 1. The Court of Appeal affirmed his conviction by decision issued May 24, 2017. See People v. Turner, 2017 WL 2264495, 2017 Cal. App. Unpub. LEXIS 3535 (Cal. Ct. App. May 24, 2017) (Case No. C078768). The remittitur issued July 25, 2017.[2] Petitioner's failure to seek review in the California Supreme Court within ten days rendered his conviction final on August 4, 2017. See Cal. R. Ct. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court."). The federal petition was filed nearly nine months later, on April 30, 2018.[3] Petitioner suffered his brain injury on July 12, 2018.

The pending motion, like the petition itself, emphasizes that some or all of petitioner's legal property was destroyed or lost beginning in early June 2017. See ECF No. 6 at 1 ("deprivation of property and lost [sic] of property by destruction from custody upon petitioner's transfer. . . . the only response from the court was destroyed by the C/O/s"); see also ECF No. 1 at 2 (transcripts stolen June 8, 2017; "would have [sought review by a higher court] but my transcripts where [sic] stolen"); id. at 5 ("as soon as I received my transcript 2 days later they where [sic] stolen"); id. at 20 ("I am within the time limits, even though all my transcripts and appeal briefs were stolen upon transfer to (SVSP)[4] and this is B-side [sic] petitioner's control, and CDCR refuses to accept liability even through their appeal process.").

The Ninth Circuit Court of Appeals has held in the equitable tolling context that "a complete lack of access to a legal file may constitute an extraordinary circumstance, and that it is

---

[2] This information is taken from the Case Information website operated by the California Courts. See http://appellatecases.courtinfo.ca.gov/search. This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[3] The petition includes no dated signature, either for the petition or service of the petition, thus precluding application of the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988).

[4] Review of the docket in another of petitioner's cases earlier filed in this court indicates that plaintiff was transferred to Salinas Valley State Prison (SVSP) on June 12, 2017. See Turner v. Riaz, Case No. 2:16-cv-0969 MCE AC P, ECF No. 20.

'unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file.'" Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (quoting Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005)).

Although it is unclear when – or whether – petitioner recovered his pertinent legal materials, his assertion they went missing in June 2017 provides a reasonable explanation for his failure to initiate state collateral review sooner after his conviction became final on August 4, 2017. This assessment is supported by petitioner's diligence in timely filing his federal habeas petition within the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). A prisoner seeking to avoid expiration of AEDPA's limitations period while he exhausts claims in the state courts may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278). By preserving the federal filing date, this process enables a petitioner to timely seek federal relief on all his claims in a "perfected petition." Rhines at 271.

Petitioner's diligence is also demonstrated by the filing of his state Superior Court habeas petition before filing his federal petition. Commencing state collateral proceedings before obtaining a stay in this court weighs in favor of finding good cause for granting the stay, as does the relatively short time remaining on the federal limitations period. See Leonardos v. Buddress, 2007 WL 1174825, at *3, 2007 U.S. Dist. LEXIS 32411, at *8-9 (N.D. Cal. Apr. 19, 2007). Additionally, it now appears that the Superior Court has ruled on the petition and that petitioner, with the assistance of Mr. Santiago, is proceeding to complete the exhaustion process in the state courts. See ECF No. 6 at 2 (noting denial of Superior Court petition on August 29, 2018).[5]

For these reasons, the undersigned finds that petitioner has demonstrated good cause for his failure to earlier exhaust his federal habeas claims in the state courts, and that he has not

---

[5] This information is consistent with the case information provided on the Sacramento County Superior Court's website (Case No. 18HC00231, filed May 3, 2018, denied August 29, 2018). See https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/CaseDetails

engaged in intentionally dilatory litigation tactics. Mena, 813 F.3d at 910; Rhines, 544 U.S. at 278.

The next inquiry requires an assessment of the potential merit of petitioner's unexhausted claims. The Ninth Circuit has identified the following standards:

> A federal habeas petitioner must establish that *at least one* of his unexhausted claims is not "plainly meritless" in order to obtain a stay under Rhines. 544 U.S. at 277. In determining whether a claim is "plainly meritless," principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless "it is perfectly clear that the petitioner has no hope of prevailing." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." Id. (citing Rose v. Lundy, 455 U.S. 509, 515 (1982)).

Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) (emphasis added).

The undersigned has considered the substance of petitioner's unexhausted claims and finds that at least one of those claims, petitioner's due process challenge to his visible restraints before the jury at trial (Ground Two), is not "plainly meritless." Rhines, 544 U.S. at 277. See ECF No. 1 at 7-8. Although this claim, as currently presented, provides little background information or supporting argument, the legal standards are well established. As the Ninth Circuit has explained:

> "[G]iven their prejudicial effect, due process does not permit the use of visible restraints if the trial court has not taken account of the circumstances of the particular case." Deck v. Missouri, 544 U.S. 622, 632 (2005). The rationale against shackling is that "[v]isible shackling undermines the presumption of innocence and the related fairness of the factfinding process." Id. at 630. "In the presence of the jury, [the defendant] is ordinarily entitled to be relieved of handcuffs, or other unusual restraints, so as not to mark him as an obviously bad man or to suggest that the fact of his guilt is a foregone conclusion." Stewart v. Corbin, 850 F.2d 492, 497 (9th Cir. 1988) (citation omitted). A trial court may order that a defendant be shackled during trial only after the trial court is "persuaded by compelling circumstances that some measure is needed to maintain security of the courtroom" and if the trial court pursues "less restrictive alternatives before imposing physical restraints." Duckett v. Godinez, 67 F.3d 734, 748 (9th Cir. 1995) (quotation marks and citation omitted).
>
> In deciding whether less restrictive alternatives to shackling exist, a trial court must begin by assessing the disadvantages and limitations if shackles are applied to a defendant. Spain v. Rushen, 883 F.2d

5

> 712, 721 (9th Cir. 1989). Such disadvantages and limitations include (1) reversal of the presumption of innocence, (2) impairment of the defendant's mental ability, (3) impeding of communication between the defendant and his counsel, (4) detraction from the decorum of the trial, and (5) pain. Id. "After considering these factors, the trial judge 'must weigh the benefits and [these] burdens of shackling against other possible alternatives.'" Jones, 899 F.2d at 885 (9th Cir. 1990) (alteration in original) (quoting Spain, 883 F.2d at 721).
>
> . . . . In Cox v. Ayers, we set forth four factors that a criminal defendant must satisfy to establish that his shackling at trial amounted to a due process violation. 613 F.3d 883, 890 (9th Cir. 2010). These four factors are (1) that the defendant was physically restrained in the presence of the jury; (2) that the shackling was seen by the jury; (3) that the physical restraint was not justified by state interests; and (4) that he suffered prejudice as result of the shackling. Id. (quoting Ghent v. Woodford, 279 F.3d 1121, 1132 (9th Cir. 2002)).

United States v. Cazares, 788 F.3d 956, 965 (9th Cir. 2015).

Although petitioner's shackling claim, as currently pled, lacks sufficient information to determine its chances of success, its potential merit is apparent. Petitioner alleges that he was visibly restrained at the cuffs, waist and ankles. Because he was being prosecuted for battery with great bodily injury, the potential prejudice from such jury exposure to such indicia of dangerousness was significant. The undersigned therefore cannot conclude that the claim is "plainly meritless." Rhines, 544 U.S. at 277. Accordingly, it satisfies the Rhines "claim plausibility" standard. See Dixon, 847 F.3d at 722.

### IV. Summary for Pro Se Plaintiff

The magistrate judge finds that you have shown good cause for failing to exhaust your state court remedies earlier, that you have not intentionally delayed litigation, and that at least one of your unexhausted claims may have merit. For these reasons, it is being recommended to the district judge that your case be stayed until you have completed the exhaustion process.

### CONCLUSION

For all the reasons explained above, the undersigned concludes that petitioner is entitled to a stay and abeyance of these proceedings pending the exhaustion of state court remedies, pursuant to Mena v. Long, 813 F.3d 907 (9th Cir. 2016), and Rhines v. Weber, 544 U.S. 269 (2005).

////

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay, ECF No. 6, be GRANTED;

2. Petitioner be directed to file in this court, within thirty (30) days after the filing date of the California Supreme Court's final order resolving petitioner's unexhausted claims, a motion to lift the stay and a motion to file an amended petition for writ of habeas corpus, together with a proposed First Amended Petition; and

3. The Clerk of the Court be directed to administratively close this case for the duration of the stay.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 27, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE